**SO ORDERED.**

**SIGNED December 28, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

  IN RE:

  LISA BERNARD                                 CASE NO. 04-50418

       Debtor                                  CHAPTER 7

  -----------------------------------------------------------------
  JOSEPH P. HEBERT, TRUSTEE

       Plaintiff

  Versus                                       ADV. NO. 04-5032

  LISA BERNARD, TOM BERNARD,
  and RICHARD JOHNSTON, TRUSTEE

       Defendants
  -----------------------------------------------------------------
                       REASONS FOR DECISION
  -----------------------------------------------------------------
```

Lisa Bernard ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 26, 2004 ("Petition Date"), and on that day an order for relief was duly entered. Joseph P. Hebert ("Trustee") is the chapter 7 trustee.

The Trustee has filed this Complaint seeking turnover of property from Tom Bernard including, but not limited to, payments described in that certain Compromise and Settlement Agreement between Tom Bernard and Richard Johnston, the latter being the trustee in the chapter 11 proceeding of Sevarg Company, Inc. ("Sevarg"), a corporation whose stock was wholly-owned by Tom Bernard.

Presently before the court is the TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR CERTIFICATION OF SUCH AS A FINAL JUDGMENT ("Motion"). A hearing on the Motion was held on March 15, 2005. After hearing argument from counsel, the matter was taken under advisement.

## JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

On August 12, 2002, Sevarg filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The case was at some point converted to chapter 7 then reconverted to chapter 11. Following the reconversion, Richard Johnston ("Sevarg Trustee") was appointed as trustee.

Numerous disputes existed in the Sevarg bankruptcy between the Sevarg Trustee and Tom Bernard and other parties. On February 16, 2004, a mediation took place involving the Debtor, Tom Bernard, the Sevarg Trustee and others. A comprehensive settlement was negotiated and a Settlement Term Sheet was executed to memorialize the various agreements.

The Sevarg Trustee thereafter filed a motion to approve the settlement agreement, which at a hearing held on March 2, 2004, was approved by the court. A formal order approving the settlement was entered on March 19, 2004.

The Settlement Term Sheet provided for the following payments by the Sevarg Trustee:

(1) $20,000 delivered to Tommy Bernard no later than the 11th day after the entry of the Approval Order;

(2) $12,500 delivered to Bernard no later than 41 days after the entry of the Approval Order;

Page 3

(3) $12,500 delivered to Bernard no later than 71 days after the entry of the Approval Order; and

(4) $17,500 delivered to Bernard no later than 101 days after the entry of the Approval Order.

The term "Bernard" is defined in the Settlement Term Sheet to mean Tom Bernard <u>and</u> Lisa Bernard.

The first two payments were received and deposited by Tom Bernard into a checking account held by Cypress Investment Company, LLC. Cypress Investment Company, LLC ("Cypress LLC") was organized as a Louisiana limited liability company in December of 2000. Lisa Bernard was and remains a member of Cypress LLC. Mr. Bernard also owned Cypress Investment Company, Inc. ("Cypress Inc."), which was merged into Cypress LLC effective January 1, 2001.

The third and fourth payments due pursuant to the settlement have been deposited into a segregated account pending further orders of the court.

With the funds received in the first two payments from the settlement, Tom Bernard issued the following checks from the Cypress LLC account: (1) $3,740 to his son, Austin Bernard, in payment of an alleged debt; (2) $10,000 to his mother-in-law, Helen Winters, in payment of an alleged debt; and (3) $16,500 as a down payment on a vehicle.

Page 4

04-05032 - #47  File 12/28/05  Enter 12/28/05 13:57:32  Main Document  Pg 4 of 8

## LAW AND ANALYSIS

The Trustee asserts that all payments received pursuant to the Settlement Term Sheet were community property on the Petition Date and therefore became property of this bankruptcy estate to be administered by the Trustee. On the other hand, Mr. Bernard contends that such funds represent the purchase of mineral rights previously owned by Cypress Inc., which he owned prior to his marriage.

Article 2338 of the Louisiana Civil Code states in relevant part that—

> community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; . . .; natural and civil fruits of community property; . . .; and all other property not classified by law as separate property.

Article 2340 of the Civil Code provides that "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate." The Debtor and Mr. Bernard were married on February 14, 1996, thus creating a community of acquets and gains.

The Trustee argues the payments pursuant to the settlement represent rights against the Sevarg Trustee which the Debtor and Tom Bernard owned on the Petition Date. As stated above, however, Mr. Bernard, takes the position that the funds represent the purchase

Page 5

price from the sale of his separate property. This argument however, holds no credibility as the Settlement Term Sheet specifically provided for the payment to be made to Tom Bernard AND the Debtor. Mr. Bernard further argues that the payments represented the purchase price for the sale of mineral rights owned by Cypress Inc. and that he owned that entity prior to his marriage. Even if the court were to determine that the funds were payment for the mineral rights, Mr. Bernard owned an interest in the corporation, not the actual mineral rights. The corporation was subsequently merged into Cypress LLC during the time the community existed. Regardless of the fact that Mr. Bernard's ownership of the corporation was community property, the Debtor was also a shareholder herself.

For these reasons, the court finds that regardless of whether the payments received under the Settlement Term Sheet represented the purchase price from the sale of mineral rights or was simply the settlement of rights held by Tom Bernard and the Debtor against the Sevarg estate, the property was community property.

Pursuant to 11 U.S.C. § 541(a)(2),

> All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
>
> > (A) under the sole, equal, or joint management and control of the debtor; or

>     (B) liable for the allowable claim against the
>     debtor, or for both an allowable claim against
>     the debtor and an allowable claim against the
>     debtor's spouse, to the extent such interest is
>     so liable.

Under article 2346 of the Civil Code, either spouse may manage, control, or dispose of community property unless certain exceptions (which are inapplicable here) apply. Therefore, the payments received pursuant to the Settlement Term Sheet are property of the estate.

The Trustee has requested turnover of funds. While the evidence indicates that some or all of the actual funds paid pursuant to the Settlement were spent, Section 542(a) states that:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, **such property or the value of such property**, unless such property is of inconsequential value or benefit to the estate.

Emphasis added.

Clearly the value of money is money in the same amount. Accordingly, the Trustee is entitled to an order requiring the Mr. Bernard to turnover the sum equal to the amount of money received pursuant to the Settlement Term Sheet.

The Trustee has requested a finding pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Rule 7054(a) of the Federal

Rules of Bankruptcy Procedure.  The court finds that the request is appropriate.

For the foregoing reasons, the Trustee's Motion is GRANTED. Within 20 days, counsel for the Trustee shall submit an order in conformity with the foregoing reasons.

**IT IS SO ORDERED.**

###